## ÆTNA LIFE INS. CO. v. EDWARDS.

(Circuit Court of Appeals, Fifth Circuit. January 2, 1926.)

No. 4655.

Master and servant ⬤⟾405(6)—Evidence held to show employee had received all reasonable treatment, and that injury to sacroilliac joint was permanent (Texas Employers' Liability Act [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.]).

Evidence, in action against insurer under Texas Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) *held* to show that employee received all reasonable treatment, and that injury to sacroilliac joint was permanent.

In Error to the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Action by J. A. Edwards against the Ætna Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Harry Preston Lawther, of Dallas, Tex., for plaintiff in error.

Frank S. Roberts, of Breckenridge, Tex., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This case was begun in a state court and removed to the District Court. The issues are very simple. It appears that defendant in error was employed by the Landreth Gasoline Company, which was a subscriber to the Texas Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), and which carried a policy of insurance with the Ætna Insurance Company, plaintiff in error. On March 12, 1924, defendant in error sustained an injury to the sacroilliac joint in the course of his employment. Under the terms of the policy he was entitled to receive $20 a week during his incapacity, not exceeding 401 weeks, and, in the event of his total permanent incapacity, he was entitled to a lump sum settlement under the policy.

Defendant in error brought his suit, claiming permanent total disability, and prayed for a lump sum settlement. Liability under the policy is not denied. In fact, weekly payments had been regularly made. Evidence was taken before the jury. No motion was made for a directed verdict. The judge charged the jury fully on the law of the case, and a special verdict was rendered for a lump sum settlement. No exception was taken to the form of the verdict, and judgment was entered on it in the sum of $5,637.77.

Error is assigned to the action of the court in submitting the question to the jury as to whether defendant in error was entitled to a lump sum verdict and to the entering of judgment on that verdict. It is doubtful that the errors assigned present anything for our consideration, considering the character of the case and the course of the trial, but we have nevertheless examined the evidence which is brought up in the record. From that it would appear that defendant in error was totally disabled at the date of trial, May 20, 1925, over a year after his injury; that he had several times submitted himself to examination and treatment in hospitals at the request of plaintiff in error; that he received only temporary relief, and was unable to stand the physical pain of the severe treatment that might possibly cure him. The testimony as to the permanency of his injury is conflicting, but there is direct testimony from at least one doctor to the effect that his injury is permanent, and the whole trend of the medical testimony is to the same effect.

We think it is shown that defendant in error has done everything that could reasonably be expected of him in the way of receiving treatment and endeavoring to have himself cured, and we concur in the finding of the jury that his injury is permanent.

Affirmed.